UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARMANI ADAMES, <br> 14018 St. James Ave. <br> Cleveland, Ohio 44135 <br><br> on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RUTH'S HOSPITALITY GROUP, INC. <br> c/o Corporate Service Co. <br> 50 W. Broad St., Ste. 1330 <br> Columbus, OH 43215 <br><br> Defendant. | CASE NO. <br><br> JUDGE: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff Armani Adames, by and through undersigned counsel, and for his Complaint against Defendant Ruth's Hospitality Group, Inc. ("Ruth's"), states and alleges the following:

**SUMMARY**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.01, *et seq.*, and Article II § 34(a) of the Ohio Constitution. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b), and pursuant to the OMFWSA, R.C. § 4111.14(K)(2).

2. Defendant pays its tipped employees, including servers, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3. However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See id*. stating (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4. Further, it is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management staff. *See Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir.1999)(for "the work shifts in which salad mixers were included within the tip pool, the pooling scheme was illegal..."); *Portales v. MBA Inv. Co., LLC,* No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014)("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the pool is invalid under FLSA.", citing 29 U.S.C. § 203); *Bernal v. Vankar Enter., Inc.*, 579 F. Supp. 2d 804, 810 (W.D. Tex. 2008) (employer not permitted to take the FLSA tip credit when it required waiters to pay for shortages and unpaid tabs).

5. Additionally, an employer must pay the minimum statutory hourly rate ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate). *See* 29 U.S.C. § 203(m).

6. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

7. Finally, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work."); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

8. Defendant violated the FLSA and OMFWSA because Plaintiff and other similarly situation employees were required to perform greater than 20% of their time in performing non-tip producing side work, including, but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, and high chairs; cleaning menus; cleaning tables; filling and cleaning salt and pepper shakers; rolling silverware; setting tables; stocking ice; sweeping, cleaning and

mopping floors; taking dishes and glasses from the tables to the kitchen; taking out trash; cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning bathrooms; and/or washing trays, appliances; silverware, dishes and/or glasses.

9. As a result of these violations, Defendant has lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Defendant must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## JURISDICTION AND VENUE

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because the claims are so related to the FLSA claims as to form part of the same case or controversy.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this District and Division and all or a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District and Division.

## PARTIES

13. At all material times, Defendant is and was a Delaware corporation operating under the trade name "Ruth's Chris Steak House".

14. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

15. At all material times, Defendant has been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

16. At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

17. At all material times, Plaintiff is and was a resident of Cuyahoga County, Ohio. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

18. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

19. At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce.

20. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

## FACTUAL ALLEGATIONS

21. Defendant operates or operated restaurants under the trade name "Ruth's Chris Steak House" throughout the United States including a restaurant in Cleveland, Ohio.

22. Ruth's Chris Steak House is a full-service restaurant that employs servers and bartenders to provide services to customers.

23. From approximately August 2019 through September 2020, Plaintiff was employed by Defendant as a server at Ruth's Chris Steak House in Cleveland, Ohio.

24. A server gathers orders from customers and delivers food and drinks to the customers.

25. The servers are paid an hourly wage by Defendant and receive tips from customers.

26. However, Defendant pays its tipped workers less than the minimum wage under the law.

27. Defendant attempted to utilize the tip credit to meet its minimum wage obligation to Plaintiff and its other tipped workers.

**(Failure to Pay Minimum Wages)**

28. Defendant required Plaintiff and other servers to perform the following non-exhaustive list of non-tip generating duties each workweek that were not performed contemporaneously with serving customers: cleaning and stocking the serving line; cleaning booths, chairs, and high chairs; cleaning menus; cleaning tables; filling and cleaning salt and pepper shakers; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; taking out trash; cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning bathrooms; and/or washing trays, appliances; silverware, dishes and/or glasses.

29. Plaintiff and other similarly situated servers frequently spent more than 20% of their time (between 30 minutes and two hours before and/or after their shift), performing these non-tip generating duties, during which they did not interact with customers and could not earn tips.

30. By requiring Plaintiff and other servers to perform non-tipped work unrelated to their tipped occupation (i.e., "dual jobs"), and excessive amounts of non-tipped worked even if related to their tipped occupation, while being paid the sub-minimum tip credit wage rate, Plaintiff and other similarly situated servers were illegally undercompensated for their work.

6

**(Failure to Keep Accurate Records)**

31. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid and/or underpaid work performed by Plaintiff and other similarly situated servers, including the amount of time they spent performing non-tipped worked.

**(Defendant Willfully Violated the FLSA)**

32. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

34. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current servers employed by Defendant Ruth's Hospitality Group, Inc. at any time during the three-year period prior to the filing of this action to the present ("FLSA Class").

35. Plaintiff is unable to state at this time the exact size of the FLSA Class, but upon information and belief, avers that it consists of more than 200 persons.

36. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees and costs under the FLSA. The FLSA Class Members are similarly situated to Plaintiff with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

37. Like Plaintiff, the FLSA Class Members were, *inter alia*, required to perform substantial work that was unrelated to their tip producing duties.

38. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

39. The FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA.

40. Although the exact amount of damages may vary among the FLSA Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## OHIO COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class defined as:

> All current and former servers who worked for Defendant for at least one week in Ohio during the three-year period prior to the filing of this action to the present (the "Ohio Class").

42. Plaintiff has actual knowledge, through conversations with his co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendant with respect to the payment of the minimum wage.

43. The Ohio Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

44. Like Plaintiff, the Ohio Class Members were, *inter alia*, required to perform substantial work that was unrelated to their tip producing duties.

45. Plaintiff and the Ohio Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

46. The Ohio Class Members are known to Defendant and are readily identifiable through Defendant's payroll records.

47. These individuals may readily be notified of this action and allowed to opt-in pursuant to R.C. § 4111.14(K)(2), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the OMFWSA.

48. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

49. Although the exact amount of damages may vary among the Ohio Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage the hours they worked in a workweek violated the FLSA, 29 U.S.C. § 206.

52. Defendant's practices and policies violated the tip credit provision of the FLSA, 29 U.S.C. §203(m).

53. Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers (including records reflecting hours worked performing tipped work verses non-tipped work) violated the FLSA, 29 C.F.R. § 516.2(a)(7).

54. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

55. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage for the hours they worked in a workweek violated the OMFWSA, R.C. § 4111.14.

58. Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers (including records reflecting hours worked performing tipped work verses non-tipped work) violated the OMFWSA, R.C. § 4111.03.

59. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

60. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damages in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14(K);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

E. Award Plaintiff and the class he represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

F. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Robert B. Kapitan
One of Plaintiff's Attorneys